UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHELYRIA PALMER, ON BEHALF
OF HERSELF AND THOSE
SIMILARLY SITUATED                                        PLAINTIFF

VS.                                CIVIL ACTION NO. 3:13CV480TSL-JMR

PRIORITY HEALTHCARE, INC., A
MISSISSIPPI FOR PROFIT CORPORATION
AND TIFFANY JOHNSON                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff
Chelyria Palmer for temporary restraining order and preliminary
injunction pursuant to 29 U.S.C. § 216(b) and Rule 65 of the
Federal Rules of Civil Procedure.  The court, having considered
the motion, concludes that it is not well taken and must be
denied.[1]

---

[1]    The court notes that when the motion was filed,
plaintiff's counsel contacted the undersigned's office to request
a hearing date.  The court's staff attempted to contact
plaintiff's counsel on October 1, 2013 and left a message on his
voice mail requesting a return call.  Plaintiff's counsel has not
called or otherwise attempted to contact the court regarding a
hearing.  However, it is clear to the court that no evidentiary
hearing is needed as plaintiff's request for injunctive relief
fails as a matter of law.  See Schwing v. New Iberia Bancorp, 95
F.3d 45 (5th Cir. 1996) (no need for evidentiary hearing on
preliminary injunction where there was no material disputed fact
to resolve).

Plaintiff is a licensed practical nurse (LPN) who, according to the complaint, has worked for defendant Priority Healthcare, Inc. (Priority) since April 2011.[2]  She filed the present action on August 5, 2013 for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), alleging that Priority, which is subject to the requirements of the FLSA, has misclassified her and other LPN employees as independent contractors rather than employees, and has failed to pay these employees time-and-a-half for overtime work, as required by the FLSA.  Palmer has since filed two amended complaints.  The first added Tiffany Johnson, owner and operator of Priority, as a defendant.  The second added a claim for FLSA retaliation under 29 U.S.C. § 216(a)(3), based on allegations that "[s]ince filing the instant action, Plaintiff and other similarly situated employees have been subjected to harassment and increased scrutiny"; that "Defendants have removed Plaintiff and other similarly situated employees from their routine work schedules and refused to re-schedule them for other work, constituting constructive

---

[2]     In both her original complaint and amended complaint, filed August 5, 2013 and August 15, respectively, plaintiff alleged that she worked for defendant as an LPN "from April of 2011 to the present time."  However, in her motion for temporary restraining order and preliminary injunction, Palmer states that she worked for defendant "from approximately April of 2011 until June 19, 2013."  It is thus unclear whether or not she continues to work for defendant.

discharge"; and that "Plaintiff, and other similarly situated employees, has also been the target of frivolous litigation in state court related to her former employment."

On September 27, 2013, Palmer filed the present motion for temporary restraining order and preliminary injunction, purportedly on her own behalf and on behalf of those similarly situated, asserting that defendant Johnson has retaliated against plaintiff and against "opt-in plaintiffs" Decia McInnis and Victoria Potts for their involvement in this litigation and seeking relief from such alleged and prospective retaliation. Specifically, Palmer alleges that Johnson, after cautioning LPNs McInnis and Potts against getting involved with this lawsuit, terminated their employment "upon learning that [they] had joined the case." She asserts that Priority also "maliciously filed a state law action against Plaintiff, a former employee, requesting injunctive relief to restrain Plaintiff from allegedly having contact with Priority's clients...." "Plaintiffs" seek a tro or preliminary injunction ordering defendants to reinstate McInnis and Potts; to provide "Plaintiffs" with the names and contact information for persons that defendants have purported to classify as independent contractors and the names of persons that defendants have attempted to discourage from becoming involved in this litigation; to notify all such persons of the existence of this lawsuit and their right to join this lawsuit without fear of

reprisal; and to refrain from further acts of retaliation, including any and all efforts to prevent "plaintiffs" or prospective plaintiffs from securing other employment in their health care industry as LPNs on the basis of their participation in this matter.[3]  "Plaintiffs" also request that "[i]n order to

---

[3]    More specifically, plaintiffs request that defendants be ordered to:

1) reinstate the employment of opt-in Plaintiffs Decia McInnis and Victoria Potts;

2) notify all individuals who have been employed as ... "LPNs at Priority ... in the last three years that the termination of such individuals was retaliatory and unlawful;

3) notify ... all individuals who have been employed as [LPNs] at Priority ... in the last three (3) years of the existence of this lawsuit and of their right to join this lawsuit free from any kind of retaliation by Defendants, with such notice to include information about what constitutes retaliation as well as a statement that retaliation is unlawful and that anyone retaliated against has a legal claim for injunctive and monetary relief;

4) notify all individuals who were required to sign agreements purporting to classify them as independent contractors and that such agreements have no impact on such individuals' rights to assert claims in this lawsuit;

5) refrain from any effort to prevent Plaintiffs from securing employment in the home health care industry as LPNs on the basis of their participation in this matter;

6) provide Plaintiffs with a list of any and all individuals to whom they have communicated with about this matter in an effort to prevent Plaintiffs and/or opt-in plaintiffs from securing future employment or in an effort to discourage such individuals from joining this lawsuit or otherwise asserting claims against Defendants;

7) cease and desist communicating, now and in the future, directly with Plaintiffs or members of the putative collective about this case, except for communications informing such individuals that they are free to participate in this matter without fear of

4

make up for the chilling effects of Defendants' retaliatory
conduct," the court enter an order tolling the running of the
statute of limitations for potential plaintiffs "until such time
as Plaintiff files its Motion for Conditional Collective Action
the Court rules on Plaintiff's Motion for Conditional Collective
Action Certification or at least until Defendants are able to
prove to the Court's satisfaction that all chilling effects of
their retaliatory conduct have been remedied."  Given the present
posture of the case, the relief Palmer requests is not available.

In her motion, Palmer describes McInnis and Potts as "opt in
plaintiffs".  However, the only plaintiff in the case at this time
is Palmer herself.  The original, first amended and second amended
complaints identify Palmer as the sole plaintiff; and there has
been no motion to amend the complaint to add McInnis and Potts as
plaintiffs.  Moreover, while Palmer represents that she intends to
file a Motion for Conditional Collective Action, no such motion

---

retaliation or reprisal of any kind or other
communications ordered or approved in advance by the
Court;
8) provide Plaintiffs with the names and contact
information for any and all individuals who have signed
any documentation purporting to classify them as
independent contractors;
9) file any proposed communications with Plaintiffs or
members of the putative collective with the Court prior
to providing same to such individuals; and
10) file sufficient documentation with the Court to
demonstrate compliance with the Court's order.

5

has been filed.  29 U.S.C. § 216(b) of the FLSA provides, in part, that

> [a]n action to recover ... liability [for an FLSA violation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

In contrast to Rule 23 class actions in which plaintiffs become class members unless they opt out, "prospective plaintiffs under the FLSA must expressly consent to join the class, via 'consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" Alfonso v. Straight Line Installations, LLC, No. 6:08-cv-1842-Orl-35DAB, 2010 WL 519851, 1 (M.D. Fla. Feb. 10, 2010) (quoting § 216(b)).  A plaintiff may opt-in to an FLSA action prior to certification of a collective action.

> Collective-action certification is not necessary for multiple plaintiffs to jointly maintain an FLSA action. The purpose of FLSA collective-action certification is to determine whether the court should allow the plaintiff to send notice to potential opt-in plaintiffs. See Myers v. Hertz Corp., 624 F.3d 537, 555 n.10 (2d Cir. 2010) ("Indeed, while courts speak of 'certifying' a FLSA collective action, it is important to stress that the 'certification' we refer to here is only the district court's exercise of the discretionary power, upheld in Hoffmann—La Roche,[Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989),] to facilitate the sending of notice to potential class members."); Alfonso v. Straight Line Installations, LLC,

6

No. 6:08-cv-1842-Orl-35DAB, 2010 WL 519851, at *1 (M.D.
Fla. Feb. 10, 2010) ("[T]he benefit of a collective
action is providing putative class members accurate and
timely notice and the opportunity to opt-in." (citing
<u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233,
1259 (11th Cir. 2008)).  Individuals who already know
about the suit and want to join as plaintiffs need not
wait until certification and notice to do so.  <u>See</u>
<u>Alfonso</u>, 2010 WL 519851, at *1 ("A motion to proceed as
a collective action is not required for an opt-in
plaintiff to be considered a party plaintiff .... "
(citing <u>Morgan</u>, 551 F.3d at 1259)).  Allowing additional
plaintiffs to join an FLSA action before or without
collective-action certification is consistent with the
statutory language.  An FLSA action for overtime pay can
be maintained by "any *one or more employees* for and in
behalf of himself or themselves and other employees
similarly situated."  29 U.S.C. § 216(b) (emphasis
added).

<u>Granchelli v. P & A Interests, Ltd.</u>, Civil Action No. H-11-4514,

2013 WL 435942, 2 (S.D. Tex. Feb. 4, 2013).  Once opt-in

plaintiffs consent to join, they "'have the same status in

relation to the claims of the lawsuit as do the named

plaintiffs.'"  <u>Alphonso</u>, 2010 WL 519851, at 1 (quoting <u>Prickett v.</u>

<u>DeKalb County</u>, 349 F.3d 1294, 1297 (11th Cir. 2003).  Until they

do so, however, they have no rights in the case.  <u>See</u> <u>LaChapelle</u>

<u>v. Owens-Illinois, Inc.</u>, 513 F.2d 286, 288 (5th Cir. 1975) (stating

that "[u]nder § 16(b) of FLSA, ... no person can become a party

plaintiff and no person will be bound by or may benefit from

judgment unless he has affirmatively 'opted into' the class; that

is, given his written, filed consent.") (citation omitted).

Furthermore, the Fifth Circuit has consistently recognized

that "in FLSA actions, one employee may not represent another

7

unless the represented employee has filed a written consent to become a party plaintiff in the court in which the action is brought." LaChapelle, 513 F.2d at 287 n.6 (5th Cir. 1975). In the case at bar, while Palmer has described McInnis and Potts as "opt-in plaintiffs," neither McInnis nor Potts has filed a written consent to become a party plaintiff herein. Accordingly, they are neither named plaintiffs nor opt-in plaintiffs, cf. Alfonso, 2010 WL 519851, at 1 (construing opt-in notice filed prior to motion for conditional certification of collective action as motion to amend to add putative opt-in plaintiffs as named plaintiffs and granting same). Moreover, Palmer is not their representative for purposes of this litigation. And it is otherwise clear that Palmer, the only plaintiff, has no standing to seek any relief, including reinstatement, on their behalf.[4]

Even if McInnis and Potts had opted in as plaintiffs by filing written consents, or if Palmer were otherwise a proper party to seek relief on their behalf, the motion for a tro or preliminary injunction ordering reinstatement would fail for lack of any allegation or proof of irreparable harm. To prevail on a motion for a temporary restraining order or preliminary injunction, the party seeking such relief must demonstrate each of

---

[4]     Palmer additionally alleges in her motion for injunctive relief that defendants have retaliated against her by filing a state court lawsuit against her. However, she does not purport to seek specific injunctive relief related to that lawsuit.

four requisites:  (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest.  Clark v. Prichard, 812 F.2d 991, 993 (5th Cir. 1987); Mississippi Power and Light Co. v. United Gas Pipeline, 760 F.2d 618, 621 (5th Cir. 1985); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974) (en banc).  If the movant fails to meet any of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Citing United States v. Hayes International Corp., 415 F.2d 1038 (5th Cir. 1969), Palmer has argued that a showing of irreparable harm is not required as irreparable harm is presumed where movants who seek injunctive relief establish a likelihood of success as to the statutory violation.  That is, she argues that irreparable harm is presumed from the statutory violation.  See Hayes, 415 F.2d at 1045 (holding that "[w]here ... the statutory rights of employees are involved and an injunction is authorized by statute and the statutory conditions are satisfied as in the facts presented here, the usual prerequisite of irreparable injury need not be established and the agency to whom the enforcement of the right has been entrusted is not required to show irreparable

9

injury before obtaining an injunction."); see also EEOC v. Cosmair, Inc., 821 F.2d 1085, 1090 (5th Cir. 1987) (stating that "[w]hen an injunction is expressly authorized by statute and the statutory conditions are satisfied, the movant need not establish specific irreparable injury to obtain a preliminary injunction. However, Hayes in inapposite.

Similar to Palmer, the plaintiff in White v. Carlucci argued that irreparable harm was not required to be established in order to secure injunctive relief in a Title VII case.  862 F.2d 1209, 1211 (5th Cir. 1989).  The Fifth Circuit held that the cases on which the plaintiff relied, Hayes and Cosmair, were inapposite, as "[b]oth [Hayes] and [Cosmair] held only that irreparable harm need not be proven if (1) the injunctive relief is sought pursuant to statute by the appropriate government officer or agency and (2) all of the statutory prerequisites are met. ... There is no way to read these cases as eliminating generally the irreparable harm requirement for all Title VII plaintiffs."  862 F.2d at 1211. See also Jones v. Dallas Cty., Civ. Action No. 3:11-CV-2153-D, 2013 WL 4045291, 2 (N.D. Tex. Aug. 9, 2013) (citing White, and holding that plaintiffs who were not government officers or agencies seeking injunctive relief pursuant to statute could not rely on a "presumption" of irreparable harm to satisfy the second preliminary injunction factor and instead "must satisfy this requirement as would any other litigant").  For her part, Palmer

10

also attempts to sustain her burden as to the second

tro/preliminary injunction requirement exclusively by reliance on

a presumption of irreparable harm, which does not exist.  Thus,

for this reason, and those set forth <u>supra</u>, Palmer's request for

reinstatement on behalf of McInnis and Potts fails as a matter of

law.

In addition to seeking reinstatement of McInnis and Potts,

Palmer requests that the court order defendants to provide the

names and addresses of individuals who would be prospective

plaintiffs in a collective action; that the court order defendants

to notify such individuals that they are entitled to opt-in as

plaintiffs and will not be subject to reprisal should they elect

to do so; and that it order defendants to refrain from future acts

of retaliation against Palmer or would-be plaintiffs.  In the

court's opinion, plaintiff's request for this relief is not

properly brought as a request for tro/preliminary injunction but

rather as a motion for conditional certification of a collective

action; and such relief is not appropriate unless and until the

court determines that a collective action should be certified.

Indeed,

> Before notice may issue to potential class members, the
> court must conditionally certify the class as a
> collective action. ...  The only effect of a conditional
> certification is that a court-approved written notice
> may then be sent to similarly situated putative class
> members, who then may choose to become parties to a
> collective action by filing a written consent with the

court. ...  Courts have discretion in determining
whether to certify a collective action under the FLSA
and to authorize notice to similarly situated employees
advising them of their right to join such a collective
action.

Nieddu v. Lifetime Fitness, Inc., Civil Action No. H-12-2726, 2013

WL 5530809, 2-3  (S.D. Tex. Sept. 30, 2013) (citations omitted).

As the court explained in Nieddu, most courts apply the two-stage

certification process established in Lusardi v. Xerox Corp., 118

F.R.D. 351 (D.N.J. 1987), under 29 U.S.C. § 216(b):

> (1) the "notice stage," when the Court determines, based
> on the pleadings and any accompanying affidavits and
> before the parties have conducted substantive discovery,
> whether to conditionally certify the class and issue
> notice to potential class members; followed by (2) the
> "decertification stage," after the discovery has been
> largely completed and the defendant has filed a motion
> to decertify, when the court conducts a fact-intensive
> review to determine if the claimants are similarly
> situated.  If the Court does not conditionally certify
> the class or if it later grants decertification, it must
> dismiss the opt-in employees and leave the named
> plaintiff to pursue his individual claims.
>
>      At the notice stage the plaintiff "bears the burden
> of making a preliminary factual showing that other
> similarly situated individuals exist such that the court
> should provide notice of the action to putative class
> members."  Usually at the notice stage, because
> discovery has not yet occurred, courts do not review the
> underlying merits of the action in deciding whether to
> conditionally certify the class.  Generally courts
> require only a minimal showing that (1) there is a
> reasonable basis for the plaintiff's allegations, (2)
> that the aggrieved putative class members are similarly
> situated with regard to the claims and defenses
> asserted, and (3) that these individuals desire to
> opt-in to the suit.

Id. (internal quotation marks and citations omitted). Palmer's motion for motion for tro/preliminary injunction seeks to bypass these requirements. The court finds that it is appropriate to await Palmer's motion for conditional certification of a collective action – which she asserts will be filed – to determine whether to conditionally certify the class and issue notice to potential class members. Accordingly, her request for injunctive relief will be denied.

Based on all of the foregoing, it is ordered that Palmer's motion for temporary restraining order and preliminary injunction is denied.

SO ORDERED this 24th day of October, 2013.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

13